UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KENNETH A. CARRUTHERS** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:09-0391 |
| ] | Judge Campbell |
| **WARDEN JAMES FORTNER** ] | |
| Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the facility, seeking a writ of habeas corpus.

On August 15, 2005, the petitioner pled guilty in Davidson County to a charge of second degree murder. Docket Entry No. 24; Addendum A at pgs. 5-9. For this crime, he received a sentence of nineteen (19) years in prison. *Id.* at pg. 10.

Having pled guilty, the petitioner did not pursue a direct appeal of the conviction. Instead, he filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* at pgs. 11-18. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs. 35-47. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 22-4. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 24; Addendum B; Doc. No. 7.

On April 16, 2009, the petitioner initiated this action with the filing of a petition (Docket Entry No. 1) for writ of habeas corpus. The petition, however, was deficient because it did not set forth specific grounds for relief. As a consequence, the petitioner was instructed to amend his petition. Docket Entry No. 3.

The petitioner complied with these instructions and filed an amended petition (Docket Entry No. 5). Unfortunately, this first amended petition was procedurally deficient in two respects.[1] The petitioner cured these deficiencies in the form of a second amended petition (Docket Entry No. 17). In his petition, as amended, the petitioner claims that he was denied the effective assistance of counsel.[2] More specifically, the petitioner alleges that his attorney failed to "explain or explore" with him three Tennessee Rules of Evidence (Rules 402, 404.4 and 608). *See* Attachments to Docket Entry Nos. 1 and 5.

Upon its receipt, the Court conducted a preliminary examination of the second amended petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 18) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 22) to the second amended petition. Upon consideration of respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively

---

[1] The petitioner had neglected to name an appropriate respondent and had failed to sign and submit his petition under penalty of perjury.

[2] The petitioner had retained Paul Walwyn, a member of the Davidson County Bar, to represent him.

2

shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[3]

In the state courts, the petitioner argued, as he does here, that he had been denied the effective assistance of counsel. However, the ineffectiveness of counsel was then attributed to counsel's failure to meet with him, to speak to witnesses and for not being prepared to go to trial. Docket Entry No. 24; Addendum B; Doc. No. 1 at pgs. 9-12. He did not allege in the state courts that counsel had been ineffective for failing to "explain or explore" the Tennessee Rules of Evidence. Thus, the petitioner did not fairly present the factual basis for the instant claim to the state courts for

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

3

their consideration. Unfortunately, at this time, it appears that state court remedies for the petitioner's ineffective assistance claim are no longer available. *See* Tenn. Code Ann. § 40-30-102(c)("In no event may more than one petition for post-conviction relief be filed attacking a single judgment"). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his claim. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. <u>Wainwright v. Sykes</u>, 97 S.Ct. 2497, 2505 (1977); <u>Engle v. Isaac</u>, 102 S.Ct. 1558, 1573 (1982). The petitioner has offered no cause for his failure to exhaust the instant ineffective assistance claim in the state courts in a timely manner. Nor has he shown prejudice resulting from the alleged violation. Consequently, this claim will not support an award of habeas corpus relief.

An appropriate order will be entered.

                                               *Todd Campbell* (signature)
                                               Todd Campbell
                                               United States District Judge