UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| KENNETH A. CARRUTHERS | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:09-0391 |
| | ] | Judge Campbell |
| JAMES FORTNER, WARDEN | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**


In August, 2005, the petitioner pled guilty in Davidson County to one count of second degree murder. Docket Entry No.25; Addendum A at pgs.5-9. For this crime, he received a sentence of nineteen (19) years in prison. *Id.* at pg.10.

There was no direct appeal of the conviction taken by the petitioner. He did, however, file a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* at pgs.11-18.

Following the appointment of counsel and an evidentiary hearing, the trial court denied the post-conviction petition. *Id.* at pgs.35-47. The Tennessee Court of Criminal Appeals later affirmed the denial of post-conviction relief, Docket Entry No.22-4, and the Tennessee Supreme Court declined petitioner's invitation to further review his petition. Docket Entry No.25; Addendum B,

1

Doc. No.7.

On April 16, 2009, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). After two amendments of the petition, the respondent filed an Answer (Docket Entry No.22).

Upon consideration of the petition, the Answer, and the expanded record, the Court denied the petition and dismissed the instant action. Docket Entry No.28. On appeal, the Sixth Circuit found that the Court should have addressed the merits of petitioner's claim of ineffective assistance based upon counsel's alleged failure to investigate and interview witnesses. For that reason, the case was remanded for further action. Docket Entry No.37.

Pursuant to the remand order, the respondent was directed to file a response to this particular claim. Docket Entry No.38. Presently pending before the Court is respondent's Supplemental Answer (Docket Entry No.42), to which the petitioner has offered no reply.

Having carefully considered the petitioner's ineffective assistance claim, respondent's Supplemental Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled

to no relief). Therefore, the Court shall dispose of this claim as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The petitioner's sole remaining claim is that his attorney deprived him of the effective assistance of counsel. More specifically, he alleges that counsel failed to investigate the charges and interview witnesses prior to his entry of a guilty plea.[1]

This claim was adjudicated on the merits by the state courts. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the

---

[1] At the time relevant to this issue, the petitioner had retained Paul Walwyn, a member of the Davidson County Bar, to represent him.

facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice, in the context of a guilty plea, arises when there is a reasonable probability that, but for counsel's error, the petitioner would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

At his post-conviction evidentiary hearing, the petitioner identified potential witnesses who could have either been subpoenaed or who could have been impeached with information available to him. Docket Entry No.25; Addendum A, Evidentiary

Hearing Transcript at pgs.35-43. The petitioner claims that counsel was ineffective for failing to obtain this information from him. However, none of the potential witnesses mentioned by the petitioner offered testimony at the evidentiary hearing. Thus, the trial court was left to merely speculate as to what testimony they may have offered at trial.

Petitioner's attorney testified at the evidentiary hearing. He answered petitioner's claim by stating that the witnesses the petitioner wanted him to discredit didn't actually see the crime. *Id.* at pg.64. Moreover, counsel had hired an investigator and reviewed a tape of the preliminary hearing and heard prosecution witnesses who placed the petitioner at the scene shooting the victim. *Id.* at pg.83. The petitioner offered no alibi witness who could dispute the prosecution's case. *Id.* at pg.65.

At the hearing held on August 15, 2005 to address the petitioner's guilty plea, the following exchange took place :

| | |
|---|---|
| The Court : | Have they done everything you've wanted them to do and can you think of anything that they haven't done? Mr. Carruthers, has Mr. Walwyn done everything that you wanted him to do in your case? |
| Mr. Carruthers : | Yes, ma'am. |
| The Court : | Can you think of anything that you had wanted either Mr. Walwyn or Mr. Hopkins to do that they have not done, Mr. Carruthers? |
| Mr. Carruthers : | No, ma'am. |

5

Docket Entry No.25; Addendum A, Plea Hearing Transcript at pg.9. In his Petition to Enter Guilty Plea, the petitioner averred that "I believe my attorney has done everything any lawyer could have done to represent me and I am satisfied with my legal representation and assistance in this case." Docket Entry No.25; Addendum A at pg.6.

The petitioner has failed to show that counsel's representation was deficient in any way. In any event, though, the petitioner has not provided credible proof to suggest that he would have gone to trial and faced the possibility of a life sentence rather than plead guilty to a lesser included offense with a nineteen year sentence.[2]

For the reasons noted above, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Accordingly, his petition will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge

---

[2] The petitioner was originally charged with first degree murder, attempted murder, driving without a license and evading arrest. A conviction for first degree murder carried with it the possibility of a life sentence. Docket Entry No.25; Addendum A at pg.1.